IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI
(KANSAS CITY)

| | |
|---|---|
| In Re: ) | |
| ) | Case Number: 10-45064 |
| ANTHONY WAYNE BARNHART, JR., ) | |
| Debtor. ) | |
| ) | Chapter 7 |
| ANTHONY WAYNE BARNHART, JR., ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Adversary No.: 13-04184 |
| U.S. DEPARTMENT OF EDUCATION, ) | Honorable Cynthia A. Norton |
| AMERICAN EDUCATION SERVICES, ) | |
| SALLIE MAE SERVICING L.P., ) | |
| NEL-NET, INC, MOHELA, ECMC, ) | |
| METROPOLITAN COMMUNITY COLLEGE, ) | |
| Defendants. ) | |

**MOHELA'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO REQUIRE A MORE DEFINITE STATEMENT ON BEHALF OF MOHELA**

COMES NOW The Higher Education Loan Authority of the State of Missouri ("MOHELA"), by its counsel, and for its Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Complaint to Determine Dischargeability of student loan debt ("Complaint"), or in the Alternative, to Require a More Definite Statement states:

**I.    BACKGROUND**

The Complaint names MOHELA as a defendant and alleges that Plaintiff/Debtor owes approximately $61,295.45 to MOHELA in student loan debt. Complaint ¶17. The Complaint then asserts that the loans impose an undue hardship on Plaintiff. Complaint ¶24. However, the only fact alleged in support of this legal conclusion is that "Plaintiff received an associate's degree and no other degree as a result of these student loans as each was taken out while Plaintiff attended a community college". Complaint ¶24.

Plaintiff/Debtor filed a voluntary petition for relief on September 21, 2010, pursuant to Chapter 7 of the United States Bankruptcy Code, in case number 10-45064 ("Bankruptcy Case"). On February 10, 2011, Plaintiff/Debtor filed a Complaint to Determine the Dischargeability of student loans in adversary case number 11-04046. On February 23, 2011, a discharge order was

entered on the Bankruptcy Case but the adversary case number 11-04046 was dismissed on March 7, 2012. Plaintiff/Debtor filed a motion to reopen the Bankruptcy case on October 16, 2013, in order to file an adversary proceeding regarding his student loans and the motion was granted. On November 5, 2013, Plaintiff/Debtor filed an adversary proceeding ("Complaint") seeking a determination that payment of Plaintiff/Debtor's student loan debts would impose an undue hardship pursuant to 11 U.S.C. §523(a)(8).

## II.    MOTION TO DISMISS STANDARD

Under the Federal Rule of Bankruptcy Procedure 7012(b), Federal Rule of Civil Procedure ("Rule") 12 (b)(6) is applicable. Pursuant to Rule 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. The remedy if a Rule 12(b)(6) defense is established is dismissal. A motion to dismiss for failure to state a claim under Rule 12 (b)(6) should not be granted "unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief". *Schaller Telephone Company v. Golden Sky Systems, Inc.*, 298 F. 3d 736, 740 (8th Cir. 2002).

In order to avoid dismissal, a plaintiff must allege sufficient facts to support the elements of a cause of action, not mere conclusions. *In re Ross*, 231 B.R. 74, 80 (Bankr.W.D.Mo.1999). When considering a motion to dismiss for failure to state a claim, all factual allegations pled in the Complaint must be taken as true. *Great Plains Trust Co. v. Union Pacific R. Co.*, 492 F.3d 986, 995 (8th Cir. 2007). Reasonable inferences must be made in favor of the non-moving party. *Young v. City of St. Charles,* 244 F.3d 623, 627 (8th Cir.2001). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "However, the complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal." DuBois v. Ford Motor Credit Co., 276 F.3d 1019, 1022 (8th Cir.2002). The pleading must have "enough facts to state a claim to relief that is plausible on its face". *Bell Atlantic Corporation v.*

*Twombly*, 550 U.S. 544, 570 (2007).

For purposes of a motion to dismiss, the court must accept as true all allegations contained in a complaint; however, this is does not apply to legal conclusions.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-1950 (2009).  In order to avoid being dismissed under Rule 12(b)(6), the "complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions". *Young* at 627.  "Dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and de[s]igned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *Young* at 627.

### III.    UNDUE HARDSHIP: TOTALITY OF THE CIRCUMSTANCES

Whether "repayment of a debtor's student loans would impose an undue hardship is a legal question". *Long v. Educational Credit Management Corp.*, 322 F3d 549, 553 (8th Cir. 2003).   The debtor has the burden of proving undue hardship by a preponderance of the evidence. *Educational Management Corp. v. Jesperson*, 571 F.3d  775, 779 (8th Circuit 2009) citing *Long* at 554.  According to the 8th Circuit, the burden is "rigorous" because "if the debtor's reasonable future financial resources will sufficiently cover payment of the student loan debt-while still allowing for a minimal standard of living-then the debt should not be discharged." *Jesperson at 779 citing Long* at 554-55.5.  A minimal standard of living requires that "the debtor have sufficient financial resources to satisfy needs for food, shelter, clothing and medical treatment".  *In re Nielsen*, 473 B.R. 755, 760 (8th Cir. BAP, 2012).

Pursuant to 11 U.S.C. §523(a)(8), an education loan debt is not dischargeable "unless excepting such debt from discharge . . . would impose an undue hardship on the debtor and the debtor's dependents".  11 U.S.C. §523(a)(8)(A)(i).   The Bankruptcy Code does not define an "undue hardship".  In *Long*, supra, the 8th Circuit adopted "a totality-of-the-circumstances approach" in determining whether repayment of a student loan imposes an undue hardship. *Educational Management Corp. v. Jesperson*, 571 F.3d  775, 779 (8th Circuit 2009), citing *Long* at 554.  In the totality of the circumstances, the court considers: "(1) debtor's past, present and

reasonably reliable future financial resources; (2) a calculation of debtor's and dependent's reasonable necessary living expenses; and (3) any other relevant facts and circumstances surrounding each particular bankruptcy case". *Long* at 554.

## IV. ARGUMENT

Plaintiff/Debtor's Complaint fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) and fails to meet the undue hardship criteria under 11 U.S.C. §523(a)(8) of the Bankruptcy Code. In order to avoid dismissal, the Plaintiff must allege sufficient facts to support the elements of an undue hardship cause of action. However, the Complaint fails to plead sufficient facts to allow MOHELA to file an Answer or permit MOHELA to prepare a defense. The Complaint states that the student loans are an undue hardship but the only fact pled to support this legal conclusion is that Plaintiff only received an associate's degree. Complaint ¶24. Assuming for purposes of this Motion that Plaintiff only received an associate's degree, while repayment of the educational loan debt may be a hardship, Plaintiff has not sufficiently alleged an "undue hardship".

## V. CONCLUSION

The Complaint fails to plead sufficient facts to allow MOHELA to file an Answer or permit MOHELA to prepare a defense. For this and all the foregoing reasons, The Higher Education Loan Authority of the State of Missouri prays that this Court dismiss Plaintiffs' Complaint for failure to state a claim under Rule 12 (b)(6) or, IN THE ALTERNATIVE, for Plaintiff to provide a more definite statement with respect to MOHELA, and for such further relief as the Court deems proper in the premises.

KRAMER & FRANK, P.C.

   /s/ EvaMarie Kozeny
EvaMarie Kozeny, # 40448MO
9300 Dielman Industrial Dr., Ste. 100
St. Louis, MO  63132
(314) 754-6127
(314) 442-2127 Fax
eva.kozeny@lawusa.com